UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS G. VALENCIA-CORREA,

            Petitioner,

-vs-                                           Case No.  8:12-cv-141-T-33MAP

UNITED STATES OF AMERICA,

            Respondent.
_____

**ORDER**

This cause is before the Court on Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1).  For the reasons set out below, the petition must be **denied**.

**BACKGROUND**

On August 4, 2007, Valencia-Correa was arrested while on board a vessel sixty miles off the coast of Colombia, brought to the Middle District of Florida, and charged by grand jury, in criminal case 8:07-cr-320-T-30MAP (hereinafter identified as "cr" before a docket number), with being on board a vessel subject to the jurisdiction of the United States and conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine in violation of 18 U.S.C. § 70503(a) and 70506(a) & (b), and Title 21 U.S.C. § 960(b)(1)(B)(ii). He pled guilty on October 11, 2007, and was sentenced on January 31, 2008. Judgment was entered that same day.  He did not file a direct appeal.

On October 19, 2009, Valencia-Correa filed a motion entitled "Motion by Cross Claimant Luis Gilberto V. Correa Reopening the Criminal Case on Motion to Dismiss for Lack of

1

Jurisdiction." (Doc. cr-97). The Court entered an Order to Show Cause (Doc. cr-98) directing Valencia-Correa to declare whether he intended the motion to be a 28 U.S.C. § 2255 motion, and, if so, why it should not be dismissed as time-barred. Valencia-Correa filed a response (Doc cr-99) stating that he did not intend the motion to be construed as a 28 U.S.C. § 2255 motion. Valencia-Correa stated that his motion was a motion to reopen his criminal case and dismiss the case for lack of jurisdiction. (Doc. cr-99). The Court denied the motion. (Doc. cr-100). Valencia-Correa appealed the denial of the motion, and, on June 8, 2010, the United States Court of Appeals for the Eleventh Circuit denied his motion to appeal in forma pauperis, finding that the appeal was frivolous. (Doc. cr-108). On July 17, 2010, the Eleventh Circuit dismissed the appeal for failure to prosecute because Valencia-Correa did not pay the appellate filing fee. (Doc. cr-109).

## DISCUSSION

### Present Title 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus

Valencia-Correa delivered the present 28 U.S.C. § 2241 petition for writ of habeas corpus to prison authorities for mailing on January 18, 2012, and the petition is deemed filed on that date. Valencia-Correa claims that counsel in his criminal case misled, coerced and pressured him into signing an unlawful plea agreement. He also claims that the United States lacked jurisdiction in his criminal case. The Court construes the present petition as an initial 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence (hereinafter "motion" or "motion to vacate") or, in the alternative, as a 28 U.S.C. § 2241 petition for relief under the savings clause of 28 U.S.C. § 2255.

### <u>Title 28 U.S.C. § 2255 Motion To Vacate Is Time-Barred</u>

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Valencia-Correa's construed motion to vacate is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As noted above, the judgment of conviction in this case was entered on January 31, 2008. Because no appeal was filed, the judgment of conviction became final 10 days after the entry of judgment by the Court (excluding weekends and holidays). *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir.2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires). Valencia-Correa's conviction became final on February 14, 2008, and he had until February 15, 2009, to file a section 2255 motion in this case.

Valencia-Correa did not file the present construed section 2255 motion until January 18, 2012. Clearly, the motion to vacate is untimely. Even if the Court considered July 17, 2010, the date the Eleventh Circuit dismissed the appeal of his criminal motion (Doc. cr-97) as the date his one-year AEDPA period began to run, the construed motion to vacate would be

untimely.

### 28 U.S.C. § 2241 Petition Filed Pursuant to Savings Clause of 28 U.S.C. § 2255

Congress addressed, in § 2255, when a federal defendant must proceed under a § 2255 motion, or when the defendant may instead proceed under a § 2241 motion:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255

This section of the statute is sometimes referred to as the "savings clause." *Bridges v. Vasquez*, 151 F. Supp.2d 1353, 1356 (N.D. Fla. 2001). The Eleventh Circuit, in *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir.1999), held that, prior to seeking relief using a section 2241 motion, a habeas petitioner must first demonstrate that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention" under the § 2255 savings clause. 28 U.S.C. § 2255; *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001). The Eleventh Circuit also held that the restrictions on § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *See Wofford*, 177 F.3d at 1237; *Jeffers*, 253 F.3d at 830. The § 2255 savings clause applies to claims when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in petition's trial, appeal, or first § 2241 motion. *Wofford*, 177 F.3d at 1244.

Only after "the savings clause of § 2255 applies to open the portal to a § 2241

4

proceeding," should a court consider the merits of what otherwise would be deemed an unauthorized habeas petition. *Wofford*, 177 F.3d at 1244.

While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998); *Wofford*, 177 F.3d at 1236; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). More specifically, it has been clarified by this circuit and others that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Wofford*, 177 F.3d at 1236. *See also, In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir.1997); *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *Davenport*, 147 F.3d at 609. The fact that Valencia-Correa may not now utilize § 2255 because his one-year grace period has expired does not automatically render § 2255 inadequate or ineffective to raise his claims. *Lurie,* 207 F.3d at 1077.

Valencia-Correa could have raised his claims in a timely § 2255 motion. The one-year grace period provided him with "a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to the inadequacy of the statute." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir.1999).

**Valencia-Correa's Jurisdictional Claim**

Valencia-Correa claims:

While the petitioner was in INTERNATIONAL waters, the United States Coast Guard DID NOT prove the vessel in question the flagged country Colombia GRANTED the United States the legal authority to exercise its laws over their Nationals.  The petitioner's right to Concronation [sic] [Confrontation] was violated.  What the United States did is to obviate all the necessary steps in

5

lieu of the more accommodating mechanism of a certificate signed by the Secretary of State.

(Doc. cv-1 at 4).

Valencia-Correa raised this claim in his criminal "Motion by Cross Claimant Luis Gilberto V. Correa Reopening the Criminal Case on Motion to Dismiss for Lack of Jurisdiction." (Doc. cr-97). The Court denied the claim, stating:

> In his Motion, Defendant seeks to "reopen his case" on his contention this Court lacked jurisdiction to hear it. In his argument, however, Defendant seems to acknowledge that the Court had jurisdiction but improperly relied on a certification prepared by the United States under the relevant statute. In particular, Defendant states:
>
>> It is Mr. Correa's contention that reliance on a certification prepared by the United States and to be used as conclusive proof that the foreign nation has disavowed the vessel's registration or has refused to exercise its jurisdiction on the vessel violates Defendant's rights to confrontation clause and person who alleged to have granted consent from country of Colombia.
>>
>> (Doc. cr-97 at 3)
>
> This argument has previously been rejected by the Eleventh Circuit in *U. S. v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002) where the court stated:
>
>> (W)e note that the government bears the burden of establishing that the statutory requirements of subject matter jurisdiction imposed by the MDLEA have been met. Yet, even though the government carries this burden, a certification by the Secretary of State or the Secretary's designee concerning a vessel's registry or lack thereof "constitutes rebuttable primafacie evidence of the facts certified." *United States v. Devila*, 216 F.3d 1009, 1015, n. 4 (11th Cir. 2000).

(Doc. cr-100 at 2-3).

Valencia-Correa's present jurisdictional claim also has no merit.

Accordingly, the Court orders:

6

That Valencia-Correa's petition for writ of habeas corpus is denied. To the extent that the petition is a construed motion to vacate, the motion is denied as time-barred. The Clerk is directed to enter judgment against Valencia-Correa and to close this case.

Finally, to the extent that the petition is a construed 28 U.S.C. § 2255 motion to vacate, the Court declines to issue a certificate of appealability because Defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Defendant to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Defendant shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

ORDERED at Tampa, Florida, on January 27, 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Luis Gilberto Valencia Correa